CHRIS ROSFJORD, WSBA #37668
ROSFJORD LAW, PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849
Email: rosfjordlaw@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, an individual, and SGJ HOLDINGS, LLC, a Washington limited liability company, on behalf of themselves and all others similarly situated.<br><br>    Plaintiff,<br><br>v.<br><br>BOEING EMPLOYEES CREDIT UNION,<br><br>    Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**[JURY DEMAND]** |

Plaintiffs JOSH THOMAS ("Thomas") and SGJ HOLDINGS, LLC ("SGJ"), upon information and belief, except as to allegations specific to Plaintiffs, allege as follows:

## I.  NATURE OF THE ACTION

1.      Plaintiff Thomas and Plaintiff SGJ (collectively, "Plaintiffs") bring this Class Action Complaint against Defendant Boeing Employees Credit Union ("BECU"), on behalf of themselves and all other similarly situated BECU members, arising from its practices of: 1) improperly charging multiple nonsufficient funds fees for a single transaction; 2) purposefully processing debit transactions out of order in order to increase the frequency of nonsufficient fund fees; and 3) improperly transferring funds from member's business

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 1 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1   accounts to their personal accounts, and vice versa, without the member's knowledge or

2   permission, to cover negative account balances.

3       2.    Through direct statements and material omissions, Defendant BECU

4   materially and deceptively misrepresents its overdraft practices in its account-related

5   documents, including account opening agreements and disclosures.

6       3.    Plaintiffs seek monetary damages and declaratory and injunctive relief.

7       4.    Defendant BECU's practices violate its own account agreements, as well

8   as Washington state and federal statutory and common laws.

9       5.    Defendant BECU's unlawful practices have damaged Plaintiffs and other

10  similarly situated BECU members and Defendant BECU must be enjoined from causing

11  further substantial injury to its members.

## II.  PARTIES

12      6.    Plaintiff JOSH THOMAS ("Plaintiff") is an individual residing in Kitsap

13  County, Washington.

14      7.    Plaintiff SGJ HOLDINGS, LLC is a Washington limited liability company

15  owned and managed solely by Plaintiff JOSH THOMAS.

16      8.    Defendant BOEING EMPLOYEES CREDIT UNION is a Washington credit

17  union doing business within this district and with multiple business locations within this

18  District and throughout the State of Washington.

## III.  JURISDICTION AND VENUE

19

20      9.    This Court has jurisdiction over the subject matter of this Complaint

21  pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005,

22  because the amount of damages exceeds $5,000,000.00, exclusive of interest and costs,

23  and is a class action in which some of the Class Members are citizens of states different

24  than Defendant BECU.

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 2 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1    10.    This Court has personal jurisdiction over Defendant BECU because

2  Defendant BECU is doing business in this District, has multiple business locations in this

3  District, and purposefully directed its actions complained of herein towards this forum

4  which have caused and are causing injury to Plaintiffs.

5    11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this

6  Court has personal jurisdiction over Defendant BECU and a substantial portion of the

7  events giving rise to Plaintiffs' claims occurred in this District.

8                              IV.  FACTUAL ALLEGATIONS

9    12.    Plaintiff Thomas is a freelance software engineer living in Kitsap County,

10  Washington.

11    13.    Plaintiff SGJ is a single-member Washington limited liability company

12  owned and managed by Plaintiff Thomas.

13    14.    Plaintiff Thomas maintains personal banking accounts with Defendant

14  BECU, as well as business banking accounts through his business, Plaintiff SGJ.

15    15.    Individually, Plaintiff Thomas maintains a personal checking account, a

16  personal savings account, and a personal money market account with Defendant BECU.

17    16.    Through Plaintiff SGJ, Plaintiff Thomas maintains a business checking

18  account, a business savings account, and a business money market account with

19  Defendant BECU.

20  A.    Defendant BECU's Overdraft Services

21    17.    Defendant BECU offers its members two types of overdraft protection for

22  BECU personal and business checking accounts: 1) Automatic Overdraft Protection; and

23  2) Optional Courtesy Pay for Checking Accounts.

24

25

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

### a.     Defendant BECU's Automatic Overdraft Protection

18.     Defendant BECU's Automatic Overdraft Protection service allows BECU members to link their personal checking account to their personal savings account, personal money market account, and/or personal line of credit.

19.     Defendant BECU's Automatic Overdraft Protection service also allows BECU members to link their business checking account to their business savings account, business money market account, and/or business line of credit.

20.     For purposes of Defendant BECU's Automatic Overdraft Protection service, BECU members cannot link their personal checking account to their business accounts and they cannot link their business checking account to their personal accounts.

21.     Under Defendant BECU's Automatic Overdraft Protection service, if a BECU member attempts a transaction that would result in a negative balance in their checking account, Defendant BECU automatically transfers enough funds from the member's linked accounts to cover the transaction.

22.     If there are not enough funds in the BECU member's checking account and linked accounts, Defendant BECU has the discretion to pay the item or not to pay the item (see below regarding Defendant BECU's Optional Courtesy Pay for Checking Accounts).

23.     Defendant BECU's Automatic Overdraft Protection is an opt-in service, meaning the BECU member must affirmatively sign up for the service.

24.     Plaintiff Thomas and Plaintiff SGJ have never signed up for Defendant BECU's Automatic Overdraft Protection service.

### b.     Defendant BECU's Optional Courtesy Pay for Checking Accounts

25.     Defendant BECU's Optional Courtesy Pay for Checking Accounts is an opt-out service that BECU members are automatically enrolled in when they open a BECU

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 4 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1  personal or business checking account.

2      26.    Under Defendant BECU's Optional Courtesy Pay for Checking Accounts

3  service, if a BECU member attempts a transaction that would result in a negative balance

4  in their checking account, but has not enrolled in the Automatic Overdraft Protection

5  service (or, has enrolled but does not have sufficient funds in their linked accounts),

6  Defendant BECU has the discretion to pay the item or not pay the item.

7      27.    If Defendant BECU pays the item, the BECU member is charged the

8  overdrawn amount, plus a $25.00 non-sufficient fund ("NSF") fee, and the resulting

9  negative balance is immediately due and payable to Defendant BECU.

10     28.    Even if Defendant BECU chooses to reject the transaction, Defendant

11  BECU still charges the BECU member a $25.00 NSF fee.

12     29.    Upon information and belief, the actual cost to Defendant BECU allow or

13  reject a transaction is *de minimis* compared to the $25.00 NSF fee it charges.

14  **B.    Defendant BECU wrongfully transfers funds from Plaintiff's business money
    market account to Plaintiff's personal checking account.**

15     30.    On or before May 26, 2020, Plaintiff Thomas initiated a $500.00 ACH

16  payment to American Express from his BECU personal checking account.

17     31.    On or before May 26, 2020, Defendant BECU processed Plaintiff Thomas'

18  $500.00 ACH payment to American Express.

19     32.    At the time Defendant BECU processed Plaintiff Thomas' $500.00 payment

20  to American Express, Plaintiff Thomas had insufficient funds in his BECU personal

21  checking account to cover the $500.00 ACH payment.

22     33.    Although Plaintiff Thomas had sufficient funds to cover the $500.00 ACH

23  PAYMENT in his other BECU accounts, Plaintiff Thomas is not enrolled in Defendant

24  BECU's Automatic Overdraft Protection service for his BECU personal or business

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 5 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1    checking accounts.

2    34.    Plaintiff Thomas never opted-out of Defendant BECU's Optional Courtesy

3    Pay for Checking Accounts service.

4    35.    Under its Optional Courtesy Pay for Checking Accounts service, Defendant

5    BECU elected to pay the $500.00 American Express transaction.

6    36.    Defendant BECU charged Plaintiff Thomas a $25.00 NSF fee for the

7    American Express transaction.

8    37.    At the end of business on May 26, 2020, Plaintiff Thomas' BECU personal

9    checking account had a balance of negative $525.00 (the $500.00 ACH payment + the

10    $25.00 NSF fee).

11    38.    On June 2, 2020, without notice and without Plaintiff Thomas' knowledge

12    or authorization, Defendant BECU transferred $525.00 from Plaintiff Thomas' *business*

13    money market account to his *personal* checking account.

14    39.    Nothing in Defendant BECU's account agreements authorizes Defendant

15    BECU to transfer funds from a BECU member's *business* account to their *personal*

16    account.

17    C.    **Defendant BECU Charges Two or More NSF Fees on a Single Transaction**

18    40.    On multiple occasions, Defendant BECU has charged Plaintiff Thomas two

19    or more NSF fees for reprocessing the same transaction, even though Plaintiff Thomas

20    has not requested Defendant BECU to reprocess the transaction.

21    41.    On or before June 22, 2020, Plaintiff Thomas attempted to make an

22    $800.00 ACH payment to American Express from his BECU personal checking account.

23    42.    On June 22, 2020, Defendant BECU rejected payment of the American

24    Express ACH payment due to insufficient funds in Plaintiff Thomas' account and charged

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 6 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1    Plaintiff Thomas a $25.00 NSF fee.

2    43.    On June 24, 2020, without Plaintiff Thomas' knowledge or request to do so,

3    American Express resubmitted the $800.00 ACH payment to Defendant BECU.

4    44.    Defendant BECU again rejected payment of the American Express

5    transaction due to insufficient funds in Plaintiff Thomas' account and charged Plaintiff

6    Thomas another $25.00 NSF fee.

7    45.    Defendant BECU was fully aware that the resubmitted ACH payment

8    request by American Express was re-presented request because the NACHA rules

9    governing the ACH network require re-presented payment requests to include the label

10    "RETRY PYMT".

11    46.    Even though Plaintiff Thomas only attempted a single ACH payment to

12    American Express, Plaintiff Thomas was charged two separate $25.00 NSF fees.

13    a.    **Defendant BECU's Fee Disclosure Specifically Limits NSF Fees to One Per Transaction**

14

15    47.    Defendant BECU's Fee Disclosure disingenuously states, "As a not-for-

       profit credit union we are committed to offering fewer-to-no fees."

16

17    48.    Defendant BECU's own account documents state that it will only charge

       one $25.00 NSF fee per transaction.

18

19    49.    Regarding its NSF fees, Defendant BECU's Fee Disclosure states:

20         $25.00 per transaction for which the available balance is not
           sufficient for checks and/or ACH payments; fee will be charged if
           check and/or ACH payment is paid or returned unpaid[.]

21

22    50.    Defendant BECU's Account Agreement and Fee Disclosure do not alert

23    BECU members that certain ACH transactions may be processed by Defendant BECU

       more than once and result in multiple NSF fees for a single transaction.

24

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 7 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

**D.    Defendant BECU charges overdraft fees on debit card transactions that do not result in a negative account balance.**

1

2      51.    On multiple occasions, Defendant BECU charged Plaintiff Thomas an

3   overdraft fee on a debit card transaction, even though Plaintiff Thomas had funds

4   available in his checking account when the purchase was made and Defendant BECU

5   had authorized the transaction.

6      52.    Upon reviewing his account transaction history online, Plaintiff Thomas

7   noticed that Defendant BECU had routinely processed debit, ACH, and deposit

8   transactions out of order, including processing debit transactions made subsequent to

9   deposits before processing the deposits.

10      53.    Unless a BECU customer affirmatively opts into Defendant BECU's

11   overdraft protection service specifically for debit card transactions, a debit card

12   transaction initiated by a BECU customer cannot result in overdraft or NSF fees.

13      54.    When a customer initiates a debit card transaction, Defendant BECU

14   instantaneously authorizes or declines the transaction based on the customer's available

15   funds balance.

16      55.    If Defendant BECU authorizes the debit card transaction, the customer's

17   available funds balance is reduced accordingly and those funds are set aside and are no

18   longer available to the customer, except to pay the authorized transaction.

19      56.    If the BECU customer does not have available funds in their checking

20   account at the time the transaction is initiated, Defendant BECU rejects the transaction

21   and the BECU customer is instantaneously informed that the transaction has been

22   declined.

23      57.    Upon information and belief, when subsequently processing and settling

24   debit card transactions, Defendant BECU intentionally processes debit transactions out

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 8 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1   of order in order to increase the frequency of NSF fees incurred by BECU members.

2   **E.**    **Defendant BECU erroneously declined to make Plaintiff Thomas' payment to American Express.**

3

4   58.    On June 22, 2020, Plaintiff Thomas attempted to make an ACH payment to his American Express account through his BECU personal checking account.

5

6   59.    When American Express submitted Plaintiff Thomas' ACH payment to Defendant BECU, Defendant BECU erroneously declined the payment, resulting in a

7   $29.00 returned payment fee charged by American Express to Plaintiff Thomas, in

8   addition to the two $25.00 NSF fees charged by Defendant BECU.

9   60.    Defendant BECU's failure to honor Plaintiff Thomas' payment to American

10   Express is a breach of the terms of Defendant BECU's account agreement with Plaintiff

11   Thomas.

12   61.    As a result of Defendant BECU's breach, Plaintiff Thomas has been

13   damaged, which includes American Express closing Plaintiff Thomas' accounts.

14   **F.**    **Defendant BECU breaches its settlement agreement with Plaintiff Thomas.**

15   62.    On or about June 2, 2015, Plaintiff Thomas entered into a confidential

16   settlement agreement with Defendant BECU.

17   63.    Pursuant to the terms of the settlement agreement, Defendant BECU was

18   required to correct negative information on Plaintiff Thomas' credit reports related to

19   Plaintiff Thomas auto loan through Defendant BECU.

20   64.    On June 16, 2015, BECU processed an erroneous credit triggering an

21   update to Transunion, BECU's preferred credit reporting agency. As a result, the negative

22   items on Plaintiff. Thomas' credit report that were removed as part of the settlement

23   agreement with BECU were restored.

24   65.    When Plaintiff Thomas discovered that the negative items were again being

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 9 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1 reflected on his Transunion credit report, on June 18, 2015, he promptly notified BECU's

2 general counsel, Suzie Rao, and spoke with her directly on the telephone about the issue.

3     66.    During their June 18, 2015 conversation, Ms. Rao repeatedly admitted that

4 BECU had breached the settlement agreement and profusely apologized for it.

5     67.    Ms. Rao stated several times that, "BECU breached the settlement

6 agreement and it's all BECU's fault. I'm very sorry." Ms. Rao also agreed that Plaintiff

7 Thomas should receive monetary compensation from Defendant BECU for the breach.

8     68.    Ms. Rao stated that Defendant BECU would correct the erroneous credit

9 and erroneous credit reporting immediately and further stated she would follow-up with

10 Plaintiff Thomas the morning of June 19, 2015 with an offer of monetary compensation

11 from Defendant BECU.

12     69.    On June 19, 2015, Defendant BECU reversed the erroneous credit that

13 resulted in the settlement breach.

14     70.    On June 19, 2015, Ms. Rao then sent Plaintiff Thomas an email at the end

15 of business day with an attached letter blaming credit reporting agency Transunion for

16 the erroneous credit reporting.

17     71.    Ms. Rao also stated that Defendant BECU put in additional measures to

18 avoid the issue from happening again, admitting that Defendant BECU was actually to

19 blame for the erroneous reporting.

20     72.    Plaintiff Thomas contacted Transunion and they confirmed Transunion only

21 reports information that it receives from the creditor and had no mechanism for overriding

22 any information provided by Transunion. Therefore, the information reported by

23 Transunion was information it received from Defendant BECU.

24     73.    Defendant BECU's erroneous credit in Plaintiff Thomas' account clearly

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 10 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1 triggered the negative reporting and Defendant BECU breached the settlement

2 agreement.

3   74. The information submitted by Defendant BECU and reported by Transunion

4 on Plaintiff Thomas' credit reports was the same inaccurate and negative information that

5 Defendant BECU was supposed to remove from Plaintiff Thomas' credit report pursuant

6 to the settlement agreement.

7   75. As a result of Defendant BECU's breach of the settlement agreement, Mr.

8 Thomas was unable to secure credit that was crucial to operating his computer software

9 business. The inability to secure that credit caused numerous problems for Mr. Thomas

10 and his business, such as: 1) not being able patent intellectual property; 2) inability to pay

11 and subsequent loss of key personnel; 3) severe delays in producing and releasing

12 products; 4) loss of investors and key partnerships; 5) delays in developing key business

13 initiatives; 6) substantial revenue loss due to the inability to timely produce products; 7)

14 loss of customers; 8) damages to reputation; and 9) decreased negotiating power due IP

15 being unpatented and loss of key personnel.

16         **V.  CLASS ACTION**

17   76. Plaintiffs bring this action on behalf of two classes preliminarily defined as:

18    1) All BECU members who, during the applicable statute of limitations,
      had funds improperly transferred between accounts by Defendant
19      BECU for the purposes of covering negative account balances (the
      "Class").

20    2) All BECU members who, during the applicable statute of limitations,
      were charged multiple NSF fees on the same debit transaction (the
21      "NSF Fee Class").

22   Excluded from the Class and NSF Fee Class are Defendant BECU; any agent,

23 affiliate, parent, or subsidiary of Defendant BECU; any entity in which Defendant BECU

24 has a controlling interest; any officer or director of Defendant BECU; any successor or

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 11 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1   assign of Defendant BECU; and any Judge to whom this case is assigned as well as his

2   or her staff and immediate family.

3      77.    Plaintiffs reserve the right to amend the class definition.

4      78.    Plaintiffs satisfy the numerosity, commonality, typicality, and adequacy

5   prerequisites for suing as a representative party under Rule 23.

6      79.    **Numerosity:** Plaintiffs estimate the proposed Class and NSF Fee Class

7   each consist of hundreds, if not thousands, of BECU members, making it impracticable

8   to individually join all Class and NSF Fee Class members in a single action.

9      80.    **Ascertainability:** The exact number of Class and NSF Fee Class members

10  and their identities are unknown at this time, but all Class and NSF Fee Class members

11  are readily identifiable from information in Defendant BECU's possession, custody,

12  and/or control.

13     81.    **Typicality:** Plaintiffs' claims are typical of Class and NSF Fee Class

14  members' claims as each arises from Defendant BECU's wrongful actions in the course

15  of maintaining Class members' BECU accounts.

16     82.    **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the

17  proposed Class. Plaintiffs' interests do not conflict with Class and NSF Fee Class

18  members' interests and they have retained experienced counsel to vigorously prosecute

19  this action on behalf of the Class.

20     83.    **Commonality:** Plaintiffs' and Class and NSF Fee Class members' claims

21  raise common factual and legal questions that can be answered for all Class members

22  through a single class-wide proceeding. For example, to resolve any Class and NSF Fee

23  Class member's claims, it will be necessary to answer the following questions – the

24  answer to each of these questions will necessarily be the same for each class member:

25

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 12 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1        A.     Whether Defendant BECU breached its account agreement by

2               transferring funds between a Class member's BECU personal and

3               business accounts without the Class member's knowledge and

4               permission;

5        B.     Whether Defendant BECU violated Washington state law and/or

6               federal law by transferring funds between a Class member's BECU

7               accounts without the Class member's knowledge and permission;

8        C.     Whether Defendant BECU violated Washington state law and/or

9               federal law by charging the NSF Fee Class members multiple NSF

10              fees on a single debit transaction;

11        D.     Whether Defendant BECU breached the covenant of good faith and

12              fair dealing;

13        E.     Whether Plaintiffs and the Class and the NSF Fee Class members

14              are entitled to damages and the proper method(s) for determining

15              any damages;

16        F.     Whether Plaintiffs and the Class and the NSF Fee Class members

17              are entitled to and/or injunctive relief.

18      84.    **Superiority:** In addition to satisfying the prerequisites of Rule 23(a), Plaintiff

19 satisfies the requirements for maintaining a class action under Rule 23(b). Common

20 questions of law and fact predominate over any questions affecting only individual

21 members and a class action is superior to individual litigation.

22                          **VI.  CAUSES OF ACTION**

23 **A.**    **FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING**

24                      **(Plaintiffs and On Behalf of All Classes)**

25

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

85.    Plaintiffs re-allege and hereby incorporate by reference Paragraphs 1 through 84 above.

86.    Plaintiffs and the Class and NSF Fee Class members each entered into a valid contract with Defendant BECU for the provision of banking services to each Plaintiff and the Class members, as outlined in BECU's account agreement and related account documents.

87.    Each contract entered into between Plaintiffs and the Class and NSF Fee Class members and Defendant BECU for the provision of banking services are substantively identical because Defendant BECU uses its own form account agreement.

88.    Defendant BECU has materially breached each of its contracts with Plaintiffs and the Class members as set forth throughout this Class Action Complaint.

89.    Defendant BECU owed Plaintiffs and all Class members a duty of good faith and fair dealing in the execution of and its performance of duties imposed by each of its contracts with the Plaintiffs and the Class members.

90.    Defendant BECU breached its duty of good faith and fair dealing by, among other things, misrepresenting and omitting material information regarding its banking and fee practices in its contracts with Plaintiffs and the Class and NSF Fee Class members and abusing its self-given discretion to allow or disallow transactions that resulted in negative account balances and the imposition of multiple fees for Plaintiffs and the Class and NSF Fee Class members.

91.    As a result of Defendant BECU's material breaches of its contracts with Plaintiffs and the Class and NSF Fee Class members and its breaches the covenant of good faith and fair dealing, Plaintiffs and the Class and NSF Fee Class members have suffered damages in amount to be proven at trial.

Class Action Complaint
(Thomas v. Boeing Employees Credit Union)
Page 14 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

**B.**   **SECOND CLAIM FOR RELIEF – VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86,** *et seq.*

### (On Behalf of Plaintiffs and All Classes)

92.     Plaintiffs re-allege and hereby incorporates by reference Paragraphs 1 through 91 above.

93.     Under the Washington Consumer Protection Act, RCW 19.86, it is unlawful to employ "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce…". RCW 19.86.020.

94.     Defendant BECU employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*, by, among other things, unlawfully transferring funds from Plaintiff Thomas' business money market account to cover the negative balance in his personal checking account, without Plaintiff Thomas' knowledge or authorization, and charging BECU members multiple NSF fees for a single transaction without disclosing its practice. Defendant BECU employed the same or similar unfair and deceptive acts and practices while maintaining the Class and NSF Fee Class members' BECU accounts.

95.     Defendant BECU's practices are deceptive and unfair because Defendant BECU misrepresents and omits material information regarding its overdraft practices and policies in its contracts with Plaintiffs and the Class and NSF Fee Class members

96.     Defendant BECU's unfair and deceptive acts and practices have the capacity to deceive a substantial portion of the public.

97.     Defendant BECU's unfair and deceptive acts and practices have an impact on public interest because there is a likelihood that the acts will be repeated with other persons.

98.     As a direct and proximate result of Defendant BECU's unfair and deceptive

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 15 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1    acts and practices, Plaintiffs and the Class and NSF Fee Class members have incurred

2    damages in an amount to be proven at trial.

3        99.    Pursuant to RCW 19.86.90, Plaintiff Thomas and the Class and NSF Fee

4    Class members are entitled to an award of treble damages.

5        100.    Pursuant to RCW 19.86.90 and 19.86.140, Plaintiff Thomas and the Class

6    and NSF Fee Class members are entitled to payment of reasonable attorney fees and

7    costs and civil penalties by Defendant BECU.

8    **C.    THIRD CLAIM FOR RELIEF – BREACH OF SETTLEMENT AGREEMENT**

9                            **(Plaintiff Thomas Only)**

10        101.    Plaintiffs re-allege and hereby incorporates by reference Paragraphs 1

11    through 100 above.

12        102.    Plaintiff Thomas entered into a valid settlement agreement with Defendant

13    BECU on June 2, 2015.

14        103.    On or before June 18, 2015, Defendant BECU materially breached the

15    settlement agreement by failing to perform its affirmative duties imposed by the

16    settlement agreement, including, but not limited to failing to correct it's the information

17    reported to the credit bureaus regarding Plaintiff Thomas' auto loan.

18        104.    As a result of Defendant BECU's breach, Plaintiff Thomas has been

19    damaged, which includes lost business opportunities, in an amount to be proven at trial.

20                            **VII.  JURY DEMAND**

21        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh

22    Thomas respectfully requests a trial by jury on all issues properly triable by jury.

23                            **VIII.  PRAYER FOR RELIEF**

24        Plaintiff Thomas, on behalf of himself and the proposed Class, seeks the following

25    relief:

Class Action Complaint
*(Thomas v. Boeing Employees Credit Union)*
Page 16 of 17

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1. An order certifying the proposed Class and NSF Fee Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class and NSF Fee Class;

2. An award of damages in an amount to be proven at trial;

3. An award of punitive damages, pursuant to 15 USC § 1681n(a)(2);

4. An award of treble damages, pursuant to RCW 19.86.90;

5. An award of civil penalties, pursuant to RCW 19.86.140;

6. An award of reasonable attorney fees and other costs incurred out of the necessity of having to bring this litigation;

7. An award of pre-judgment and post-judgment interest;

8. Leave to amend this Complaint to conform to the evidence;

9. Such other and further relief as this Court may deem just and equitable.

DATED this 11th day of August, 2020,

ROSFJORD LAW PLLC

_____
Chris Rosfjord, WSBA #37668
Attorney for Plaintiff

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849